## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **WENDY ANN MACASKILL; JOSEF STOXREITER;** | § | |
| **CANDICE LEIGH STOXREITER, INDIVIDUALLY** | § | |
| **AND AS GUARDIAN OF N.G.S. AND T.H.S.; AND** | § | |
| **ARTHUR CHANNON, AS EXECUTOR OF** | § | |
| **THE ESTATE OF MARK STOXREITER; PAUL** | § | |
| **JOHN FARRANCE, STACEY FARRANCE, PIERRE** | § | |
| **ALEXANDER DE KOCK, KGMOTSO DINAH** | § | |
| **MONONYANE, INDIVIDUALLY, AND AS** | § | |
| **GUARDIAN OF K.M. AND K.M.; MMATSWANKA** | § | |
| **PAULINA MONONYANE, INDIVIDUALLY AND AS** | § | |
| **GUARDIAN AND/OR NEXT FRIEND OF MASHITE** | § | |
| **JOSEPH MONONYANE; GEORGE FREDERICK** | § | |
| **ROBERTSON AS EXECUTOR OF THE ESTATE OF** | § | |
| **DR. KGOPOTSO RUDOLF MONONYANE;** | § | **CA NO. _____** |
| **ZOLELWA CLEOPATRA** | § | |
| **PHAKATHI-MAHLANGU, INDIVIDUALLY, AS** | § | |
| **THE EXECUTOR OF THE ESTATE OF** | § | |
| **DR. SIYABONGA CURNICK MAHLANGU, AND AS** | § | |
| **GUARDIAN OF S.K.M. AND Q.S.M.; SIPHO XABA,** | § | |
| **INDIVIDUALLY AND HEIR TO THE ESTATE OF** | § | |
| **MPHO XABA, AND AS GUARDIAN OF N.X.; AND** | § | |
| **SIPHESIHLE XABA, INDIVIDUALLY AND AS** | § | |
| **HEIR TO THE ESTATE OF MPHO XABA,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PRECISION CASTPARTS CORPORATION,** | § | |
| **UNIVERSITY SWAGING CORPORATION,** | § | |
| **PRIMUS INTERNATIONAL INCORPORATED,** | § | |
| | § | |
| *Defendants.* | § | **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

    **COME NOW**, Plaintiffs, Wendy Ann Macaskill, Josef Stoxreiter, Candice Leigh

Stoxreiter, individually and as guardian of N.G.S. and T.H.S., Arthur Channon, as executor of the

1

estate of Mark Stoxreiter, Paul John Farrance, Stacey Farrance, Pierre Alexander De Kock, Kgomotso Dinah Mononyane, individually, and as guardian of K.M. and K.M., Mmatswanka Paulina Mononyane, individually and as guardian and/or next friend of Mashite Joseph Mononyane, George Frederick Robertson, as executor of the estate of Dr. Kgopotso Rudolf Mononyane, Zolelwa Cleopatra Phakathi-Mahlangu, individually, as the executor of the estate of Dr. Siyabonga Curnick Mahlangu, and as guardian of S.K.M. and Q.S.M., Sipho Xaba, individually and as heir to the estate of Mpho Xaba and as guardian of N.X., and Siphesihle Xaba, individually and as heir to the estate of Mpho Xaba, (referred to herein as "Plaintiffs"), complaining of Defendants Precision Castparts Corporation (Defendant "Precision Castparts") and University Swaging Corporation (Defendant "University Swaging") and Primus International Incorporated (Defendant "Primus"). For good and sufficient cause of action, Plaintiffs would respectfully show unto this Honorable Court the following:

## I.    <u>PARTIES</u>

### A.    **The Macaskill family.**

Mark Stoxreiter died unexpectedly on January 21, 2021, when the medical helicopter he was piloting crashed in South Africa. At the time of his death, Mark Stoxreiter was a citizen of South Africa.

Plaintiff Wendy Ann Macaskill is the mother of Mark Stoxreiter. Wendy Ann Macaskill is a citizen of South Africa.

Plaintiff Josef Stoxreiter is the father of Mark Stoxreiter. Josef Stoxreiter is a citizen of South Africa.

Plaintiff Candice Leigh Stoxreiter, individually and as guardian of N.G.S. and T.H.S., minor children, is Mark Stoxreiter's surviving spouse and the mother of N.G.S. and T.H.S, the

surviving children of Mark Stoxreiter.  Candice Stoxreiter, N.G.S. and T.H.S. are citizens of South Africa.

Plaintiff Arthur Channon, as Executor of the Estate of Mark Stoxreiter, deceased, is a citizen of South Africa.

### B.    The Farrance Family.

Sinjin Joshua Farrance was, upon information and belief, an advanced life support paramedic at Netcare 911.  Sinjin Joshua Farrance died unexpectedly on January 21, 2021, when the medical helicopter in which he was riding crashed in South Africa.  At the time of his death, Sinjin Joshua Farrance was a citizen of South Africa.

Plaintiff Paul John Farrance is Sinjin Joshua Farrance's father.  Paul John Farrance is a citizen of South Africa.

Plaintiff Stacey Farrance is Sinjin Joshua Farrance's mother.  Stacey Farrance is a citizen of South Africa.

Plaintiff Pierre Alexander De Kock is Sinjin Joshua Farrance's life partner.  Pierre Alexander De Kock is a citizen of South Africa.

### C.    The Mononyane family.

Dr. Mononyane was, upon information and belief an anesthetist with Netcare Millpark Hospital.  Dr. Mononyane died unexpectedly on January 21, 2021, when the medical helicopter in which he was riding crashed in South Africa.  At the time of his death, Dr. Mononyane was a citizen of South Africa.

Plaintiff Kgomotso Dinah Mononyane, individually and as the guardian of K.M. and K.M., minor children,[1] is Dr. Kgopotso Rudolf Monoyane's surviving spouse and mother of K.M. and K.M, the surviving children of Dr. Mononyane.

Plaintiff Mmatswanka Paulina Mononyane, individually is the mother of Dr. Kgopotso Rudolf Mononyane and as the wife, guardian and/or next friend of her husband Mashite Joseph Mononyane, the father of Dr. Kgopotso Rudolf Mononyane, all are citizens of South Africa.

Plaintiff George Frederick Robertson as the executor of the estate of Dr. Kgopotso Rudolf Mononyane, is a citizen of South Africa.

### D.    The Mahlangu family.

Plaintiff Zolelwa Cleopatra Phakathi-Mahlangu individually, as the executor of the estate of Dr. Siyabonga Curnick Mahlangu, and as guardian of S.K.M., and Q.S.M., minor children,  is Dr. Siyabonga Curnick Mahlangu's surviving spouse and mother of S.K.M. and Q.S.M., the surviving children of Dr. Mahlangu.  Dr. Mahlangu was a cardiothoracic surgeon at Netcare Millpark Hospital.  Dr. Mahlangu died unexpectedly on January 21, 2021, when the medical helicopter in which he was riding crashed in South Africa.  At the time of his death, Dr.  Mahlangu was a citizen of South Africa.

### E.    The Xaba family.

Mpho Xaba was a specialist theatre nurse for cardiothoracic and transplant department at Netcare Millpark Hospital.  Mpho Xaba died unexpectedly on January 21, 2021, when the medical helicopter in which she was riding crashed in South Africa.  At the time of her death, Mpho Xaba was a citizen of South Africa.

---

[1] Two minor children with different names but with the same initials.

Plaintiff Sipho Xaba, individually and as heir to the estate of Mpho Xaba,[2] and as guardian of N.X., a minor child.  All are citizens of South Africa and are the surviving spouse and child of Mpho Xaba.

Plaintiff Siphesihle Xaba is a surviving child of Mpho Xaba[3] and heir to the estate of Mpho Xaba.  Siphesihle Xaba is a citizen of South Africa.

## F.    Defendants

Defendant University Swaging is a for-profit corporation that was incorporated in the state of Delaware, is doing business in the United States, and has its principal place of business in 6525 240th St. SE, Bldg. A, Woodinville, Washington, 98072.  Service on Defendant University Swaging may be had by serving its registered agent, MPBA Service Company, LLC, 701 5th Avenue Ste. 5500, Washington, 98104.

 Defendant Precision Castparts is a for-profit corporation, incorporated in the state of Oregon, with its principal place of business located at 5885 Meadows Rd, Suite 620, Lake Oswego, Oregon, 97035.  Service on Defendant Precision Castparts may be had by serving its registered agent, National Registered Agents, Inc. 780 Commercial Street SE, Ste 100, Salem, Oregon, 97301.  Upon information and belief, Defendant Precision Castparts owns, directs and controls Defendant University Swaging.

Defendant Primus International Incorporated is a for-profit corporation, incorporated in the state of Washington, with its principal place of business located in 915 118th Ave South East, Suite 320, Bellevue, Washington, 98005.  Service on Defendant Primus may be had by serving its registered agent, National Registered Agents, Inc. 780 Commercial Street SE, Ste 100, Salem, Oregon, 97301.

---

[2] No estate administration necessary.
[3] Adopted by estoppel.

As it relates to the event giving rise to this Complaint, Plaintiffs invoke the right to institute this suit against any entity that was conducting business using the assumed or common names of Defendants.

## II.    JURISDICTION AND VENUE

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.  Plaintiffs are citizens of South Africa.  Defendant Precision Castparts is incorporated in the state of Oregon and has its principal place of business in Lake Oswego, Oregon.  Defendant University Swaging is incorporated in Delaware, with its principal place of business located in Woodinville, Washington.  Defendant Primus is incorporated in Washington with its principal place of business in Bellevue, Washington.  Thus, complete "diversity" exists between the parties and the amount in controversy falls within the minimum jurisdictional limits of this Court as Plaintiffs sue for damages exceeding one hundred million dollars ($100,000,000.00).

The Northern District of Texas is the proper venue for this suit.  Defendants Precision Castparts, University Swaging and Primus are indispensable and required parties pursuant to Federal Rule of Civil Procedure 19(1) due to the ongoing dispute in the Northern District of Texas, Cause No. **4:21-cv-01284-O,** *Wendy Ann Macaskill, et al. v. Bell Textron, Inc. et al.*  Currently, the above-referenced case was dismissed for forum non-conveniens and will be reinstituted in this district upon a finding of no jurisdiction by the High Court in the state of Kwazulu-Natal, Peter Maritzburg, Republic of South Africa.

Defendants Precision Castparts, University Swaging and Primus manufactured and sold an essential part of the Bell 430 aircraft, that made the bases of the above-referenced case against Bell

Textron, Inc. in the Northern District of Texas. Defendants are indispensable parties to the action between Plaintiffs and Bell Textron, Incorporated and Bell Textron Canada, Ltd. Therefore, the Northern District of Texas is the proper venue to bring suit against Defendants Precision Castparts, University Swaging, and Primus.

Maintaining this action in the Northern District of Texas will: 1) allow ease of access to sources of proof; 2) subpoena non-party fact witnesses; 3) minimize the cost of attendance for willing witnesses; and 4) reduce other practical problems that make the trial of a civil action easy, expeditious and less expensive.

In addition, the Northern District of Texas will: 1) not have administrative difficulties due to court congestion; 2) have an interest in deciding the matters set forth in this civil action; 3) be familiar with the causes of action and defenses; and 4) not encounter unnecessary problems of conflict of laws or in the application of foreign law.

### III.    FACTUAL ALLEGATIONS

#### A.    Relevant Accident Information.

The instant matter involves what appears to be the second of two helicopter crashes involving Bell Helicopter Model 430s since 2016.

On or about January 21, 2021, a Bell Helicopter model 430, registration number ZT-RRT (the "Helicopter"), piloted by Mark Stoxreiter and was carrying four (4) passengers, crashed in South Africa during an emergency flight reportedly related to the rescue of a critically ill COVID-19 patient. All passengers, including Mark Stoxreiter, were killed.

At the time of the crash, Mark Stoxreiter was working as a pilot for National Airways Corporation / Netcare 911, which is a company providing medical flight services on the Helicopter. In addition to the pilot Mark Stoxreiter, two doctors, an Emergency Medical Technician/paramedic

and a nurse from Milpark Hospital in Johannesburg, Gauteng province were also on board the aircraft and died.  These were, Sinjin Joshua Farrance who was, upon information and belief, an advanced life support paramedic at Netcare 911,  Dr. Kgopotso Rudolf Mononyane who was, upon information and belief, an anesthetist with Netcare Millpark Hospital,  Dr. Siyabonga Curnick Mahlangu who was upon information and belief, a cardiothoracic surgeon at Netcare Millpark Hospital, and Mpho Xaba who was, upon information and belief, a specialist theatre nurse for cardiothoracic and transplant department at Netcare Millpark Hospital.

As of the filing of this complaint, there has been a significant investigation into the cause of this crash, including a formal investigation by the South African Civil Aviation Authority and also, Plaintiff's counsel and Bell Textron Incorporated the aircraft's manufacturer, whom both traveled to South Africa with their own expert engineers to test the relevant parts of the crashed helicopter.  Upon information and belief, one of the causes of the helicopter's crash was a defective and improperly heat-treated part called a pitch change link, which was manufactured by Defendants Precision Castparts, University Swaging and Primus.

The pitch link clevis was manufactured by Defendants from 15-5 PH stainless steel, containing cadmium plating.  Of the four-pitch link clevises on the aircraft, the orange blade pitch link clevis failed which caused the aircraft to disintegrate in midair and ultimately crash.  The orange blade pitch link clevis was manufactured at the upper end of allowable hardness for its intended purpose.  Based on information and belief, the material was structurally too rigid and thus prone to failure.  In addition to being too rigid, the cadmium plating which covered the pitch link clevis when combined with certain environmental conditions such as warm salt air, or environmental pollution such as sulfur dioxide, make the metal prone to environmentally assisted corrosion.  Based upon information and belief, a combination of the improperly treated steel used

in the pitch link clevis and environmentally assisted corrosion of the cadmium plating ultimately caused the threaded portion of the pitch link clevis to break apart mid-flight. This type of failure left the pilot completely without control of the helicopter, causing the death of the five occupants.

### D.    Crash victims, family members and representatives.

#### i.    The Stoxreiter Family.

Mark Stoxreiter, as the pilot of the Helicopter, was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result of the crash, Mark Stoxreiter suffered pre-crash horror, fear and terror, pre-death horror, fear and terror, pain and suffering, physical injury and otherwise fatal injuries in a personal and pecuniary manner.

Plaintiff Wendy Macaskill has suffered from the death of her child. Plaintiff suffered loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Josef Stoxreiter has suffered from the death of his child. Plaintiff suffered loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Candice Leigh Stoxreiter individually and as guardian of N.G.S., and T.H.S. have suffered from the death of their husband and father, respectively, and sustained without limitation loss of household income, service, consortium,[4] support, advice, maintenance, mental anguish,

---

[4] As to Candice Stoxreiter.

comfort, camaraderie, companionship, love, and inheritance. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Mark Stoxreiter was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result, the Estate of Mark Stoxreiter is entitled to recover for his conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available by law.

        **ii**        **The Farrance Family.**

Sinjin Joshua Farrance was, upon information and belief, a life support paramedic and passenger on the fated aircraft was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result of the crash, Sinjin Joshua Farrance suffered pre-crash horror, fear and terror, pre-death horror, fear and terror, pain and suffering, physical injury and otherwise fatal injuries in a personal and pecuniary manner.

Plaintiff Stacey Farrance has suffered from the death of her child. Plaintiff suffered loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Paul John Farrance has suffered from the death of his child. Plaintiff suffered loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Pierre Alexander De Kock has suffered from the death of his life partner and sustained without limitation loss of household income, service, consortium, support, advice,

maintenance, mental anguish, comfort, camaraderie, companionship, love, and inheritance. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

### iii.    The Mononyane family.

Dr. Kgopotso Rudolf Mononyane, as the doctor and passenger on the fated Helicopter, was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust.  As a result of the crash, Dr. Mononyane suffered pre-crash horror, fear and terror, pre-death horror, fear and terror, pain and suffering, physical injury and otherwise fatal injuries in a personal and pecuniary manner.

Plaintiff Mmatswanka Paulina Mononyane individually and as the guardian and/or next friend of Mashite Joseph Mononyane have suffered from the death of their child. Plaintiff suffered loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love.  Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Kgomotso Dinah Mononyane individually and as the guardian of K.M. and K.M., minor children have suffered from the death of their husband and father, respectively, and sustained without limitation loss of household income, service, consortium,[5] support, advice, maintenance, mental anguish, comfort, camaraderie, companionship, love, and inheritance. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Dr. Kgopotso Rudolf Mononyane was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust.

---

[5] As to Kgomotso Dinah Mononyane.

As a result, the Estate of Kgopotso Rudolf Mononyane is entitled to recover for his conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available by law.

### iv.    The Mahlangu family.

Dr. Siyabonga Curnick Mahlangu, as the doctor and passenger on the fated Helicopter, was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result of the crash, Dr. Mahlangu suffered pre-crash horror, fear and terror, pre-death horror, fear and terror, pain and suffering, physical injury and otherwise fatal injuries in a personal and pecuniary manner.

Plaintiff Zolelwa Cleopatra Phakathi-Mahlangu individually as surviving spouse and as the executor of the estate of Dr. Siyabonga Curnick Mahlangu, and as guardian of S.K.M., and Q.S.M., minor children, have suffered from the death of their husband and father, respectively, and sustained without limitation loss of household income, service, consortium,[6] support, advice, maintenance, mental anguish, comfort, camaraderie, companionship, love, and inheritance. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Dr. Siyabonga Curnick Mahlangu was aware that he had been placed in imminent and hopeless peril and he apprehended the grave and dire circumstances in which he had been thrust. As a result, the Estate of Dr. Siyabonga Curnick Mahlangu is entitled to recover for his conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available by law.

### v.    The Xaba family.

Mpho Xaba, as a nurse and passenger on the fated Helicopter, was aware that she had been placed in imminent and hopeless peril and she apprehended the grave and dire circumstances in

---

[6] As to Zolelwa Cleopatra Phakathi-Mahlangu.

which she had been thrust.  As a result of the crash, Mpho Xaba suffered pre-crash horror, fear and terror, pre-death horror, fear and terror, pain and suffering, physical injury and otherwise fatal injuries in a personal and pecuniary manner.

Plaintiff Sipho Xaba individually as surviving spouse, as heir to the estate of Mpho Xaba, and as guardian of N.X., minor child, have suffered from the death of their wife and mother, respectively, and sustained without limitation loss of household income, service, consortium,[7] support, advice, maintenance, mental anguish, comfort, camaraderie, companionship, love, and inheritance.  Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Plaintiff Siphesihle Xaba individually as a surviving child of Mpho Xaba and as heir to the estate of Mpho Xaba has suffered from the death of their wife and mother, respectively, and sustained without limitation loss of household income, service, consortium, support, advice, maintenance, mental anguish, comfort, camaraderie, companionship, love, and inheritance. Plaintiff sustained economic and non-economic damages and seeks recovery of same along with all other damages available by law.

Mpho Xaba was aware that she had been placed in imminent and hopeless peril and she apprehended the grave and dire circumstances in which she had been thrust.  As a result, the Estate of Mpho Xaba is entitled to recover for his conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available by law.

---

[7] As to Sipho Xaba.

## IV.    <u>CAUSE OF ACTION</u>

### A.    NEGLIGENCE AND GROSS NEGLIGENCE.

#### i.    Negligence.

Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs, as if set forth fully herein.

On or about January 21, 2021, Mark Stoxreiter, Sinjin Joshua Farrance, Dr. Kgopotso Rudolf Mononyane, Dr. Siyabonga Curnick Mahlangu, and Mpho Xaba died due to the wrongful acts, neglects and/or defaults of Defendants Precision Castparts, University Swagging, and Primus, their employees, and agents.  At all times material hereto, Defendants owed Plaintiffs a duty of reasonable care.

At all relevant times, it was the duty of Defendants Precision Castparts, University Swaging, and Primus, including their officers, agents and employees, to exercise ordinary care in the design, testing, manufacture, assembly, inspection, certification, sale, warning, and distribution regarding the pitch link clevis, so as not to cause injury or death to those who used its products.

Notwithstanding these duties, Defendants breached their duty in the design, testing, manufacture, assembly, certification, inspection, sale, distribution, and warnings of the main rotor pitch link clevis.

Defendants Precision Castparts, University Swaging, and Primus were negligent in manufacturing the main rotor pitch link clevis.  Defendants were negligent by utilizing, manufacturing, inspecting, and heat treating the material in such a way as to be prone to premature fracture and failure during normal and foreseeable operations.  The fractures and failure mode would not have been detected in the ordinary course of pre-flight inspections.

Defendants Precision Castparts, University Swaging, and Primus had the opportunity to test, examine and certify each pitch link clevis before they were sold to Bell Textron, Inc. and ultimately installed on the Bell 430 aircraft.

### ii.    Gross Negligence.

Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs, as if set forth fully herein.

Plaintiffs' damages resulted from the gross negligence of Defendants Precision Castparts, University Swaging, and Primus.  Plaintiffs re-allege each aforementioned allegation.  Further, Plaintiffs allege that all acts, conduct, and omissions on the part of Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiffs' injuries and damages. Defendants' acts and/or omissions, when viewed objectively from the Defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs.  Such gross negligence was a proximate cause of the occurrence of Plaintiffs' injuries and damages.

Incorporating facts and allegations above _including_ each Plaintiffs' individual and representative's damage allegations above and below, Plaintiffs seek, in addition to all other damages set forth herein, exemplary damages.

### B.    STRICT LIABILITY FOR DEFECTIVE PRODUCT

Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs, as if set forth fully herein.

Defendants manufactured, fabricated, converted, assembled, distributed, certified, sold, and inspected the pitch link clevis in its' entirety.

Defendants were required to manufacture the pitch link clevis free from manufacturing defects so that the helicopter would not fail in flight.

The pitch link clevis on the Helicopter was capable of causing, and in fact did cause, personal injury and death to users and consumers while being used in a manner reasonably foreseeable, thereby rendering the Helicopter unsafe and dangerous for use by any user or consumer.

On or about January 21, 2021, the pitch link clevis was being used for the purposes and in the manner for which it was designed and manufactured, and in a manner that was reasonably foreseeable to Defendants.  The pitch link clevis was in the same condition without significant change from the original condition when sold and delivered by Defendants.

The pitch link clevis was defective, not fit for its intended purpose and was unreasonably dangerous by reason of defective design, manufacture, testing, certification, maintenance, repair, modification, assembly, service, inspection, warning, instruction and sale on the part of Defendants.

The Helicopter crashed as a direct result of defects in Defendants' manufacturing, testing, certification, assembly, warning, instruction and sale of the pitch link clevis.

The defects in the pitch link clevis and the conduct of Defendants were a producing cause of the deaths of Mark Stoxreiter, Sinjin Joshua Farrance, Dr. Kgopotso Rudolf Mononyane, Dr. Siyabonga Curnick Mahlangu, and Mpho Xaba, and each, Plaintiffs resulting injuries and damages as alleged herein.

On or about January 21, 2021, as a direct and proximate result of one or more negligent acts or omissions of Defendants, the orange blade pitch link clevis broke in flight and the Helicopter suffered a catastrophic failure that resulted in the crash and the death of the occupants.

## C.    BREACH OF WARRANTY

Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs, as if set forth fully herein.

Defendants Precision Castparts, University Swaging, and Primus expressly and/or impliedly warranted and represented that the pitch link clevis was of merchantable quality, fit and safe for the purposes for which it was designed, and free from defects. Defendants further warranted that the quality, and hardness of the material and coating were adequate for a particular purpose.

Defendants breached their warranties in that the pitch link clevis was defective, not of merchantable quality, and not fit or safe for the purpose for which it was designed, manufactured, assembled, inspected, tested, sold, certified, serviced, and intended to be used.

## D.    FAILURE TO WARN

Plaintiffs incorporate by reference the facts and allegations in the preceding paragraphs as if set forth fully herein.

Defendants Precision Castparts, University Swaging, and Primus manufactured, certified, and sold the pitch link clevis that failed on the Bell 430 Helicopter, which is the basis of this suit. Defendants knew of the danger posed by the failure of the pitch link clevis. Defendants had a duty to warn consumers such as Plaintiffs of the danger of the pitch link clevis failure but failed to do so. Defendants' failure to warn consumers and customers of the ability of the pitch link clevis to fail while being used for its intended purpose caused Plaintiffs' injuries and damages.

**E.    VICARIOUS LIABILITY**

At all times material hereto, Defendants are vicariously liable in all respects for the torts of its employees and agents under the theory of Respondeat Superior. The negligent acts of the employees and agents of Defendants were a proximate cause of Plaintiffs' injuries. These torts were committed while the employees and agents were acting within their scope of employment, that is, the acts were within the employees' or agents' general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which the employees and agents were hired.

**F.    WRONGFUL DEATH AND SURVIVOR CLAIMS**

Plaintiffs incorporate the foregoing for all purposes. This action is being brought pursuant to the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code Ann. 71.001-.012, and the Texas Survival Statute, Tex. Civ. Pac. & Rem. Code Ann. 71.021 and 71.022, for the death of Mark Stoxreiter, Sinjin Joshua Farrance, Dr. Kgopotso Rudolf Mononyane, Dr. Siyabonga Curnick Mahlangu, and Mpho Xaba.

      **i.    The Macaskill family.**

Plaintiffs, Wendy Ann Macaskill, as the surviving mother of Mark Stoxreiter, Josef Stoxreiter as the surviving father of Mark Stoxreiter, Candice Leigh Stoxreiter individually as the surviving spouse of Mark Stoxreiter, and as guardian of N.G.S. and T.H.S., the surviving Minor Children of Mark Stoxreiter, bring actions for wrongful death pursuant to Sections 71.001 through 71.012 of the Texas Civil Practice and Remedies Code.

      **ii.    The Farrance family.**

Plaintiffs, Paul John Farrance, as the surviving father of Sinjin Joshua Farrance, Stacey Farrance as the surviving mother of Sinjin Joshua Farrance, Pierre Alexander De Kock as the

surviving life partner of Sinjin Joshua Farrance, bring actions for wrongful death pursuant to Sections 71.001 through 71.012 of the Texas Civil Practice and Remedies Code.

### iii.    The Mononyane Family.

Plaintiffs, Mmatswanka Paulina Mononyane individually and as guardian and/or next friend of Mashite Joseph Mononyane, the surviving mother and father of Dr. Kgopotso Rudolf Mononyane,  Kgomotso Dinah Mononyane individually as the surviving spouse of Dr. Kgopotso Rudolf Mononyane and as the guardian of K.M. and K.M., the surviving Minor Children of Dr. Kgopotso Rudolf Mononyane, bring actions for wrongful death pursuant to Sections 71.001 through 71.012 of the Texas Civil Practice and Remedies Code.

### iv.    The Mahlangu Family

Plaintiff Zolelwa Cleopatra Phakathi-Mahlangu individually as surviving spouse and as guardian of S.K.M., and Q.S.M., the surviving minor children of Dr. Siyabonga Curnick Mahlangu, bring actions for wrongful death pursuant to Sections 71.001 through 71.012 of the Texas Civil Practice and Remedies Code.

### v.    The Xaba family.

Plaintiff Sipho Xaba individually as surviving spouse and as guardian of N.X., the surviving minor child of Mpho Xaba, and Siphesihle Xaba as a surviving child of Mpho Xaba bring actions for wrongful death pursuant to Sections 71.001 through 71.012 of the Texas Civil Practice and Remedies Code.

Plaintiffs described above are entitled to bring this wrongful death action against Defendants for their wrongful acts, including without limitation negligence, carelessness, unskillfulness, and/or defect that caused the death of Mark Stoxreiter, Sinjin Joshua Farrance,

Mpho Xaba, Dr. Siyabonga Curnick Mahlangu, and Dr. Kgopotso Rudolf Mononyane as described herein.

As a result, these Plaintiffs have suffered pecuniary losses, the loss of inheritance, and other damages resulting from the termination of the marital and parent-child relationships, respectively, including, without limitation, loss of services, support, advice, care, comfort, maintenance, mental anguish, camaraderie, companionship, and love, that Decedents' parents, wives, husband, and children would, in reasonable probability, have received from Decedents had they lived.  Plaintiffs also seek compensation for, without limitation, the emotional pain, torment, mental anguish, and suffering that they have suffered and, in reasonable probability, will continue to suffer in connection with the untimely death of their beloved sons, daughter, husbands, wife, mothers, and fathers.

Pursuant to Sections 71.021 and 71.022 of the Texas Civil Practice and Remedies Code, Plaintiff Arthur Channon as Executor of the Estate of Mark Stoxreiter brings this survival action for the damages which survive Mark Stoxreiter's death, including conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available to Mark Stoxreiter's estate by law.

Pursuant to Sections 71.021 and 71.022 of the Texas Civil Practice and Remedies Code, Plaintiff Zolelwa Cleopatra Phakathi-Mahlangu as Executor of the Estate of Dr. Siyabonga Curnick Mahlangu brings this survival action for the damages which survive Dr. Siyabonga Curnick Mahlangu's death, including conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available to Dr. Siyabonga Curnick Mahlangu's estate by law.

Pursuant to Sections 71.021 and 71.022 of the Texas Civil Practice and Remedies Code, Plaintiff George Frederick Robertson as Executor of the Estate of Dr. Kgopotso Rudolf

Mononyane brings this survival action for the damages which survive Dr. Kgopotso Rudolf Mononyane's death, including conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available to Dr. Kgopotso Rudolf Mononyane's estate by law.

Pursuant to Sections 71.021 and 71.022 of the Texas Civil Practice and Remedies Code, Plaintiffs Sipho Xaba and Siphesihle Xaba as Heirs of the Estate of Mpho Xaba brings this survival action for the damages which survive Mpho Xaba's death, including conscious pain and suffering, mental anguish, and funeral expenses, and all other damages available to Mpho Xaba's estate by law.

## V.    JURY DEMAND

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiffs demand a trial by jury.

## VI.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that Defendants Precision Castparts, University Swaging, and Primus be cited to appear and answer herein, that upon final trial and hearing hereof, that Plaintiffs have and recover from Defendants, jointly and severally, in accordance with the evidence: costs of court herein expended; interest to which Plaintiffs are justly entitled under the law; both prejudgment and post-judgment; actual damages; compensatory damages; punitive damages; and such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

*[Signature on Following Page]*

Respectfully submitted,

ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas, 77002
Phone: (713) 244-5486
Fax: (713) 225-0827

By:  */s/ Benny Agosto, Jr.*
Benny Agosto, Jr.
Texas Bar No. 00794981
Email: bagosto@awtxlaw.com
Ben Agosto, III
Texas Bar No. 24091926
Email: ben.agosto@awtxlaw.com
Barney Dill
Texas Bar No. 24118369
Email: bdill@awtxlaw.com

*and*

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

*By: /s/ Gregory J. Finney*
Manuel E. Solis
Texas Bar No. 18826790
Email: msolis@lawsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Austen T. Gunnels
Email: agunnels@manuelsolis.com
Texas Bar No. 24107591

**COUNSEL FOR PLAINTIFFS**

22